IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHICAGO REGIONAL COUNCIL OF    )
CARPENTERS PENSION FUND,        )
et al.,                         )
                                )
              Plaintiffs,        )
                                )
      v.                        )      No.  11 C 8090
                                )
MATERIAL SERVICE CORP.,          )
                                )
              Defendant.         )

MEMORANDUM ORDER

Counsel for Material Service Corp. ("Material Service") has

filed its Answer to the ERISA Complaint brought against it by

three employee benefit funds (collectively "Funds").  This

memorandum order is issued sua sponte because of some problematic

aspects of that responsive pleading.

Federal practice employs a system of notice pleading,

incumbent on defendants as well as plaintiffs, that is intended

to identify just what is being asserted on the plaintiff's side

and the defendant's position as to each of those assertions.  But

here Material Service's counsel employs the practice of admitting

a number of Funds' allegations and following those admissions

with this statement:

Defendant denies all remaining allegations contained in
Allegation No. -- of Plaintiffs' Complaint.

That usage is of course perfectly appropriate where an

admission is not all-encompassing.  But here counsel's practice

is to include the quoted language after an admission of

everything that Funds allege (see, e.g., Answer ¶¶4, 5 (most likely), 6 and 10). That pleading pattern is not only annoying but quite inappropriate, for it leaves Funds' counsel and this Court uninformed as to of just what if anything Material Service is holding in reserve as a purported denial.

One other aspect of the Answer, an asserted affirmative defense, also raises a question. It disavows any obligation for "interest, liquidated damages, attorneys fees, or any other costs or penalties" because of Funds' asserted "failure to mitigate" (whatever that may mean) or to "take good faith efforts to notify Defendant of any alleged contribution deficiencies." In the former respect, Material Service's counsel must explain just what kind of "mitigation" efforts Funds should have undertaken but did not, while in the latter respect counsel must provide this Court (and opposing counsel, of course) with authorities that impose such a prior notification obligation on employee benefit funds to which employers are obligated to make contributions pursuant to collective bargaining agreements.

Both of those responses together with an appropriate amendment to the Answer (or, if counsel choose, a self-contained Amended Answer) are ordered to be filed on or before January 26, 2012. No charge is to be made to Material Service by its counsel for the added work and expense incurred in correcting counsel's errors. Material Service's counsel are ordered to apprise their

client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Date:  January 13, 2012